UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PATRICK CHRISTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:21-cv-03137-UNA |
| v. | ) | |
| | ) | |
| JOSPEH BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. Preliminarily, plaintiff, who represents he is homeless, provides no contact information other than an email address. While the court is certainly understanding of his situation, the Local Rules require a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." D.C. LCvR 5.1(c)(1). Without such an address, and without either the authority or the ability to file electronically, the court will be unable to communicate with plaintiff regarding the case. Moreover, the court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305,

1309 (D.C. Cir. 1981). Plaintiff has filed a rambling complaint consisting of unconnected anecdotes and incomprehensible wide-ranging conspiracy allegations against the President of the United States and others. While plaintiff cites to 42 U.S.C § 1983, any cognizable claims are entirely unclear. He seeks $13 billion in damages.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed. A separate order accompanies this memorandum opinion.

DATE: December 22, 2021                    _____/s/_____
                                           CHRISTOPHER R. COOPER
                                           United States District Judge